IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAMIAN JACKSON,**

    **Plaintiff,**

v.                                                              Civil Action No. **3:24cv120**

**PATRICIA WEST,** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

Damian Jackson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. Jackson contended that Defendants[1] violated his Fourteenth Amendment due process rights[2] when they failed to consider him for parole in 2022 and 2023. By Memorandum Opinion and Order entered on March 6, 2025, the Court dismissed without prejudice the claims against Defendants Green and Bullock because Jackson failed to effect timely service on them and dismissed the claims against the remaining Defendants because they failed to state a claim and were legally frivolous. (ECF Nos. 37, 38.)

On March 26, 2025, the Court received a Motion for Reconsideration (ECF No. 42) from Jackson. The Motion for Reconsideration will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines,*

---

[1] Defendants are Patricia West, the Chairman of the Virginia Parole Board ("VPB"); Lloyd Banks, the Vice Chairman of the VPB; Michelle Dermyer and Samuel Boone, Jr., members of the VPB; Harold Taylor, and interviewer; Chadwick Dotson, the Director of the Virginia Department of Corrections ("VDOC"); B. Bullock, a head counselor; Andrea Green, a grievance coordinator; and K. Cosby, the Regional Ombudsman. (ECF No. 10, at 3.)

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Jackson does not address any specific ground for relief under Rule 59(e), it appears that he believes the Court should reconsider its decision to correct a clear error of law or prevent manifest injustice. First, Jackson argues: "The courts ruled that I did not state a claim. The court is in error, I have a letter from Mr. Switzer stating my claim." (ECF No. 42, at 4.)[3] Jackson apparently misunderstands the Court's reason for dismissal. The Court agrees that Jackson identified, or stated, his allegations against the Defendants in his Particularized Complaint. Jackson's cumulative claim was that Defendants violated his due process rights when they failed to consider him for parole for the years 2022 and 2023. (*See* ECF No. 37, at 4–5.) The Court then addressed Jackson's allegations, and the due process claim, in the March 6, 2025 Memorandum Order and determined that "the due process claim will be DISMISSED for

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from the Rule 59(e) Motion.

failure to state a claim and as legally frivolous." (ECF No. 37, at 12.) The Court's use of the phrase, "failure to state a claim," means that Jackson's due process claim as alleged, failed to adequately plead that Defendants violated the Constitution or other federal laws. Jackson identifies no clear error of law in the Court's conclusion.[4]

Second, Jackson argues that the Court misunderstood Va. Code Ann. § 53.1-154 and that "[t]he only way you can give a person a deferral is if said person has more than 10 years or if they notify said person. I have 5 years left, at the time this occurred I had 8 years left on my sentence . . . so that rule doesn't apply to me." (ECF No. 42, at 4.) From the parties' submissions, it was unclear whether the exception in Va. Code § 53.1-154 applied to Jackson. (*See* ECF No. 37, at 11 n.8.) The Court explained that even if the exception in the statute was not applicable, "that does not alter the Court's conclusion that Jackson lacked a cognizable due process right to be considered for parole annually." (*See* ECF No. 37, 11 n.8.) The Court explained that even if the Virginia Parole Board forgot to consider him for parole for two years, any error was based on a state procedural rule, and the "state's failure to abide by that law is not a federal due process issue." (ECF No. 37, at 12 (citations omitted).) The Court concluded that "Jackson should have sought to enforce this procedural right in the Virginia courts, under Virginia law," and that "Jackson has received all of the process the Constitution requires." (ECF No. 37, at 12 (citations omitted).) Jackson fails to identify any clear error of law in the Court's conclusion that his due process claim failed to state a claim and was legally frivolous.

---

[4] Jackson suggests that the Defendants all knew through letters and grievances that he had not been considered for parole and that "all said associates assisted or ignored their duties[,] which is the conspiracy 18.2-2." (ECF No. 42, at 4.) The Court did not conclude that Defendants were unaware that Jackson was not considered for parole for two years. Whether Defendants purportedly ignored his requests is irrelevant because Jackson had no protected liberty interest in being considered for parole annually.

Finally, Jackson argues that Defendants "did not produce any evidence, all they did was quote case law in a procedure and policy case." (ECF No. 42, at 7.) Defendants filed a Motion to Dismiss Jackson's Particularized Complaint under Federal Rule of Civil Procedure 12(b)(6). As the Court explained, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, it does not resolve contests surrounding the facts . . . ." (ECF No. 37, at 4.) Defendants were not required to produce any evidence with their Motion to Dismiss, nor could the Court consider any evidence in assessing the propriety of the Particularized Complaint under Federal Rule of Civil Procedure 12(b)(6). Again, Jackson identifies no clear error of law in the Court's opinion.[5]

In sum, Jackson fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Thus, Jackson offers no persuasive reason why Rule 59(e) relief is appropriate. Accordingly, the Rule 59(e) Motion (ECF No. 42) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 05/13/2025
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge

---

[5] Although he provides no argument in support of this ground, at the beginning of his Rule 59(e) Motion, Jackson indicates "[t]he courts denied me counsel." (ECF No. 42, at 1.) Jackson's case presented no complex issues or exceptional circumstances, see Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2001), and his pleadings established that he was competent to represent himself. Therefore, Jackson fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice.